## THE STATE v. W. F. BLEDSOE.

When the State appeals from a judgment quashing an indictment, unless the defendant enter into recognizance, the Supreme Court has no jurisdiction, and the appeal will be dismissed. (Paschal's Dig., Art. 3187, Note 771.)

APPEAL from Austin. The case was tried before Hon. JAMES E. SHEPARD, a special judge.

The defendant was indicted for swindling. He moved to quash the indictment, which motion was sustained. The State appealed, but the defendant gave no bond.

*Sayles & Bassetts*, for the appellee, moved to dismiss the appeal, and cited Paschal's Digest, article 3187, and The State v. Paschal, 22 Tex., 584.

No brief for the state has been furnished to the *Reporter*.

MORRILL, C. J.—Defendant was indicted for swindling, indictment quashed, the state appeals, and it nowhere appears that Bledsoe entered into recognizance, as is required by statute.

We deem it unnecessary to repeat what has been often said in similar cases. For reasons stated in The State v. Fatheree, 23 Tex., 202, the appeal is

DISMISSED.